IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                        CRIMINAL ACTION NO. 1:93cr40

ROY HORTON,
            Defendant.

## **REPORT AND RECOMMENDATION/OPINION**

### **Procedural History**

On November 1, 1995, Defendant Roy Horton, was sentenced to 120 months imprisonment on a charge of aiding and abetting in the distribution of cocaine and 60 months on a charge of possession of a firearm during a drug transaction, the terms to served consecutively, to be followed by four (4) years supervised release on conditions. Defendant's supervision commenced on December 22, 2006.

On the 28th day of May 2008, came the defendant, Roy Horton, in person and by his counsel, William Pennington, and also came the United States by its Assistant United States Attorney, Shawn Angus Morgan, for a preliminary and detention hearing pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on May 8, 2008, alleging:

1)     <u>Violation of Mandatory Condition: While on supervised release, the defendant shall not commit another federal, state or local crime.</u>

       <u>Standard Condition No. 11: The defendant shall notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer.</u>

       On Sunday, May 4, 2008 at 10:45 a.m., Mr. Horton was arrested by the Fairmont Police Department and charged with Driving on a Suspended License for a Previous DUI conviction. Shortly thereafter, Mr. Horton was transported to the North Central Regional Jail. On May 5, 2008 at approximately 11:00 a.m., Mr. Horton posted bond and was released. . . . . To date, Mr. Horton has not notified or attempted to notify the Probation Officer of the above arrest.

It is noted that contact with the arresting officer reflects that during the above incident, Mr. Horton admitted to drinking alcohol on the night of May 3, 2008.

The defendant's Probation Officer further noted that four previous reports had been filed regarding Defendant, including: a May 12, 2007, positive test for marijuana; a July 2007, failure to notify the Probation Officer of questioning by law enforcement officers; a February 9, 2008, appearance at the Probation Office under the influence of alcohol; and a February 23, 2008, arrest for DUI, Driving with a Revoked License for a previous DUI, No Insurance, and No Registration. No Court action was requested after the first two reports. After the third report Defendant was referred for an alcohol evaluation with a view toward providing outpatient alcohol abuse counseling. Following the fourth report, the Court modified Defendant's supervision conditions to include residence and completion of inpatient substance abuse treatment program through the VA Hospital in Clarksburg West Virginia. Defendant successfully completed the program on April 22, 2008.

In his Petition, the Probation Officer had recommended modifying Defendant's supervised release to include three (3) months at Bannum Place in Clarksburg, West Virginia. The Hon. Irene M. Keeley, District Judge for the United States District Court for the Northern District of West Virginia ordered a summons issued for Defendant's appearance. Defendant initially indicated he wanted to admit his guilt and waive his preliminary hearing. When the undersigned re-explained to him that the undersigned would not make any final disposition in his case; that the Hon. Irene M. Keeley, District Judge would conduct a final hearing and make the disposition judgment, Defendant withdrew his waiver.

The undersigned heard the testimony of John Burlas, Defendant's supervising Probation Officer, who testified that on Monday, May 5, 2008, he was notified by the Fairmont, Marion County Police Department that Defendant had been arrested, taken to the North Central Regional Jail, posted bond, and been released. His vehicle had been pulled over because officers saw

Defendant driving and knew his license had been revoked. The arresting officer smelled "a little" alcohol on Defendant and asked him why, to which either Defendant or another occupant of the vehicle stated that the alcohol was from the previous night.

Officer Burlas also testified that Defendant did not report the May 4 arrest within 72 hours as required by his conditions of supervised release. Although he did eventually report the incident, it was not until he received notice of the subject violation/summons. Defendant told Officer Burlas that nothing had prevented him from reporting the incident– he had simply forgotten.

Officer Burlas further testified that he had learned and confirmed that within the last week or so Defendant entered a plea of guilty to the charge of driving on a suspended license and also pled guilty to the DUI referenced in "Previous reports submitted" number 4. He was sentenced by the state court to six months home confinement with electronic monitoring on each charge, for a total of 12 months.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed May 8, 2008. The Court further finds probable cause to believe that Defendant violated his conditions of supervised release on February 23, 2008, as he has subsequently pled guilty to the DUI referenced in number four, which is a violation of the mandatory condition that he not commit another federal, state or local crime.

Upon receiving notice that Defendant had pled guilty to the state offenses, and had been sentenced to one year of home confinement with electronic monitoring, Officer Burlas testified that he was changing his recommendation from placement at Bannum Place, to a recommendation that the Petition be held in abeyance until and if Defendant successfully completes his state imposed one year of home confinement on electronic monitoring. If, however, Defendant violates any condition

of his supervised release or of his state home confinement, then it would be his recommendation that Defendant go straight to final hearing without a preliminary hearing in this matter. Defendant and his counsel each expressed that they agreed to such a proposed disposition of the pending petition.

**Recommended Conclusions**

Upon consideration of all which, and without any attempt to bind the District Judge, the undersigned United States Magistrate Judge reports Officer Burlas' recommendation that the Petition be held in abeyance as long as Defendant is successfully completing his state ordered home confinement. Defendant is scheduled to begin said electronic monitoring on June 10, 2008. The undersigned advised the parties and determined the parties understood and agreed that this recommendation in no way binds the District Court; however, should the District Judge desire to adopt the recommendation as her final order regarding the Petition, she may do so without hearing.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to

counsel of record.

       Respectfully submitted this 28th day of May, 2008.

                                      *John S. Kaull*
                                      JOHN S. KAULL
                                      UNITED STATES MAGISTRATE JUDGE