```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                             **CRIMINAL NO. 1:93CR40**
                                                        **(Judge Keeley)**

**ROY HORTON,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 28, 2008, the defendant, Roy Horton ("Horton"), appeared, in person and by counsel, before United States Magistrate Judge John S. Kaull for a preliminary and detention hearing pursuant to a "Petition for Warrant or Summons for Offender Under Supervision," ("Petition") filed by Horton's Probation Officer on May 8, 2008 (dkt. no. 158). Horton is currently serving a four-year term of supervised release, which commenced on December 22, 2006, to which he was sentenced in connection with his convictions of aiding and abetting in the distribution of cocaine and possession of a firearm during a drug transaction.

The Petition alleges that Horton violated a mandatory condition of his supervised release requiring that he not commit another federal, state or local crime. It additionally alleges that Horton violated Standard Condition No. 11, which provides that a defendant must notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer. In support of these allegations, the Petition states that, on Sunday, May 4, 2008, at 10:45 a.m., Horton was arrested by the Fairmont

**ORDER ADOPTING REPORT AND RECOMMENDATION/OPINION**

Police Department and charged with "Driving on a Suspended License for a Previous DUI Conviction." The petition further alleges that Horton did not notify or attempt to notify his Probation Officer of the arrest. Finally, the petition recommended modifying Horton's supervised release to include three (3) months of community confinement at Bannum Place in Clarksburg, West Virginia.

At the hearing Magistrate Judge Kaull held to address the Petition, Horton initially admitted his guilt and waived his preliminary hearing; he later withdrew that waiver, however. Accordingly, the Magistrate Judge heard testimony from Probation Officer John Burlas, who had filed the Petition. After testifying to the facts of the underlying violations, Officer Burlas stated that Horton had since pled guilty to the state offense of Driving on a Suspended License, as well as the underlying offense of Driving Under the Influence. As a result, the state court had sentenced Horton to one year of home confinement with electronic monitoring, to begin on June 10, 2008.

In light of this state sentence, Officer Burlas changed his recommendation from placement at Bannum Place to a recommendation that the current Petition be held in abeyance until the Defendant successfully completes his one year of home confinement on electronic monitoring. During that year, were Horton to violate any condition of his home confinement or supervised release, then

**ORDER ADOPTING REPORT AND RECOMMENDATION/OPINION**

Officer Burlas would recommend that Horton go straight to a final hearing without another preliminary hearing in this matter.

At the conclusion of the testimony, Magistrate Judge Kaull found probable cause to believe that Horton had violated the conditions of his supervised release as alleged in the Petition. Horton and his counsel then agreed to Officer Burlas' new recommendation as an appropriate disposition of the Petition.

On May 28, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") (dkt. no. 164) recommending that Horton's petition be held in abeyance pending Horton's successful completion of his state ordered home confinement. The R&R advised that either party may file objections within ten days of being served with a copy of the R&R, and that failure to object would result in waiver of the right to appeal from the judgment of this Court based on that R&R. The Magistrate further informed the parties that, while the R&R in no way binds the District Court, the Court may choose to adopt the R&R as the final order on the Petition, without an additional hearing.

Horton has not objected to the R&R, and the Government specifically responded that it did not object to the proposed disposition (dkt. no. 165). Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety, and **HOLDS** the Petition **IN ABEYANCE** until Horton successfully completes his state sentence

of one year of home confinement with electronic monitoring.  After successful completion of the year of home confinement, the Probation Officer may withdraw the Petition.  However, should Horton fail to comply with either the terms of his home confinement or the terms of his supervised release, the Court will conduct a final revocation hearing in this matter.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to the defendant, counsel of record, and all appropriate agencies.

Dated: June 13, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE